WILLIAM L. BOWEN, SBN. 229938
BOWEN LAW FIRM
2540 Douglas Blvd., Ste. 200
Roseville, CA 95661
Tel: (916) 742-2220
Fax: (916) 288-9858
wlb@bowenlegal.com

Attorneys for Plaintiff,
SHANNON COUSINS KAMARA

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON COUSINS KAMARA,<br><br>           Plaintiff,<br><br>     v.<br><br>ADAMS & ASSOCIATES, INC., a Nevada<br>corporation; and DOES 1 to 25 inclusive<br><br>           Defendant. | Case No.: [**Case number**]<br><br>**COMPLAINT FOR DAMAGES**<br><br>  1.  **RACE AND COLOR DISCRIMINATION;**<br>  2.  **RETALIATION;**<br>  3.  **FAILURE TO HIRE IN VIOLATION OF PUBLIC POLICY;**<br>  4.  **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**<br><br>  **REQUEST FOR JURY TRIAL** |

COMES NOW Plaintiff, SHANNON COUSINS KAMARA, and alleges as follows:

## GENERAL ALLEGATIONS

1.       Plaintiff, SHANNON COUSINS KAMARA ("Plaintiff"), is an adult resident of the County of Sacramento, California and was employed at the Sacramento Job Corps Center located at 3100 Meadowview Road in Sacramento, California from December 2010 to March 2014.

2.       Defendant, ADAMS & ASSOCIATES, INC. ("ADAMS") is a Nevada Corporation and is currently the prime contractor for the Sacramento Job Corps Center.

3.       Defendant ADAMS took control of the contract for management of the Sacramento Job Corps Center in 2014.

1

COMPLAINT FOR DAMAGES

4.    Plaintiff is unaware of the true names and capacities of Defendants sued herein as DOES 1 to 25, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of these factiously named defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries as herein alleged were proximately caused by the aforementioned defendants.

5.    Plaintiff is informed and believes and thereon alleges that at all times herein mentioned each of the Defendants was the agent and employee of each of the remaining Defendants and, in doing the things hereinafter alleged, was acting within the course and scope of such agency and employment.

6.    Venue is proper in Sacramento County because it is where the unlawful practices were committed and where the majority of records regarding Plaintiff's employment are maintained.

7.    Venue is also proper in Sacramento County because it is where Plaintiff resides, where the incidents complained of herein occurred, where the majority of witnesses are located, and where the majority of relevant evidence is located.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

8.    Plaintiff field a timely charge of discrimination against Defendants with the Equal Employment Opportunity Commission ("EEOC"), which was cross-filed with the Department of Fair Employment and Housing ("DFEH"). The EEOC initially issued the Right to Sue letters on March 3, 2015, but due to the letters never being received by the Plaintiff or Plaintiff's attorney, this lawsuit is timely filed within 90 days of June 30, 2016, the date the Right to Sue letters were received.

## FACTUAL ALLEGATIONS

9.    On or about December 2010, Plaintiff was hired as a Residential Advisor for the Sacramento Job Corps ("Job Corps"), and continued in that position under Defendant ADAMS' predecessors, including Horizon's Youth Services.

10.    Plaintiff was considered an exemplary employee with no history of write-ups, warnings, or disciplinary problems and performed her duties with the support and praise of her supervisors.

2

COMPLAINT FOR DAMAGES

11.     Plaintiff was also a member of her labor union, the California Federation of Teachers Union ("CFT").

12.     In February 2014, Defendant ADAMS announced that they were reorganizing several of the job duties for positions, lowering the number of Residential Advisor positions, and creating a new position known as a Residential Coordinator.

13.     In February 2014, Plaintiff applied with Adams to continue in her position as a Residential Advisor. Plaintiff believes she participated in the job application process well and had excellent qualifications.

14.     In March 2014, Plaintiff was informed that she was no longer going to be employed with Job Corps.  Plaintiff observed that other employees who were of different racial backgrounds, but who had less experience or personnel issues, were allowed to continue in their positions.

15.     Plaintiff believes Defendant ADAMS chose not to continue her employment based on her protected status based on race.  Following her termination, plaintiff observed that the majority of Residential Advisors who were targeted by ADAMS for separation from their employment were minorities.

16.     Plaintiff was concerned that Defendant ADAMS was attempting to subvert the Collective Bargaining Agreement and pursued claims against Defendant ADAMS related to her retaliation as a member of the union.

17.     Defendant ADAMS was ordered to reinstate Plaintiff's employment by the National Labor Relations Board and began working at the Sacramento Job Corp. facility again in early 2016.

18.     Plaintiff continues to deal with hostility and distrust in the workplace.

19.     Plaintiff believes she is facing ongoing discrimination based on her protected status.

## FIRST CAUSE OF ACTION

**(Race and Color Discrimination in Violation of 42 U.S. Code §2000e-2**

**Against All Defendants)**

20.     The allegations of paragraphs 1 through 20 are re-alleged and incorporated herein by reference.

3

COMPLAINT FOR DAMAGES

21.    At all times relevant to this matter, Defendants employed at least fifteen persons and are therefore covered employers under the EEOC.

22.    At all times relevant to this matter, Plaintiff was an African American woman protected under 42 U.S. Code §1981.

23.    Defendant's knew that Plaintiff was an African American and that Plaintiff was fully capable of performing her job duties.

24.    Defendants, however, discriminated against Plaintiff in violation of 42 U.S. Code §2000e–2 by (1)refusing to hire Plaintiff due to her race; (2) failing to prevent discrimination and retaliation against plaintiff due to her race; and (3) otherwise discriminating against Plaintiff with regard to the terms and conditions of her employment because of her race. Title VII of the Civil Rights Act of 1964.

25.    As a proximate result of the aforementioned violations, Plaintiff has suffered and continues to suffer substantial economic losses, in earnings and other benefits which she would have received.

26.    Plaintiff has suffered and continues to suffer both physical and non-physical injuries, including severe emotional distress, humiliation, embarrassment, and mental anguish in an amount according to proof.

27.    Plaintiff also seeks the recovery of reasonable attorneys' fees and costs herein incurred. 42 U.S. Code §1988 provides that attorneys' fees are recoverable in an action at the discretion of the court.  Plaintiff has retained counsel for the prosecution of this action.

28.    The conduct of Defendants subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights. As a consequence of the aforesaid oppressive, malicious, and despicable conduct, Plaintiff is entitled to an award of punitive damages in a sum to be shown according to proof.

## SECOND CAUSE OF ACTION

### (Retaliation Against All Defendants)

29.    The allegations of paragraphs 1 through 42 are re-alleged and incorporated herein by reference.

4

COMPLAINT FOR DAMAGES

30. At all times relevant to this matter, Defendants employed at least fifteen persons and are therefore covered employers under the EEOC.

31. 42 U.S. Code §12203 and 42 U.S. Code §2000e–3 protect from retaliation employees who resist or object to discrimination or harassment. These provisions make it unlawful for any person to "discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing."

32. To establish a prima facie case for retaliation, a plaintiff must show that (1) he or she engaged in a protected activity; (2) the employer subjected the plaintiff to an adverse employment action; and (3) the protected activity and the employer's adverse action were causally connected. *Thompson v. Potomac Elec. Power Co*., (4th Cir.2002) 312 F.3d 645, 650; *Anderson v. G.D.C., Inc*., (4th Cir.2002) 281 F.3d 452, 458.

33. As stated above, Defendants retaliated against Plaintiff by refusing to hire her on account of such protected activities as being an African American woman.

34. Moreover, Defendants discriminated and retaliated against Plaintiff and other similarly situate employees based on their status as racial minorities.  Plaintiff reasonably believes that this was a concerted pattern of discrimination from Defendant ADAMS' management.

35. Plaintiff is also informed and believes that Defendants engaged in similar retaliatory acts against other members of protected groups.

36. As a direct and proximate result of Defendants' retaliation, Plaintiff has suffered and continues to suffer substantial economic losses, in earnings and other benefits which she would have received.

37.  Plaintiff has suffered and continues to suffer both physical and non-physical injuries, including severe emotional distress, humiliation, embarrassment, and mental anguish in an amount according to proof.

38. Plaintiff also seeks the recovery of reasonable attorneys' fees and costs herein incurred. 42 U.S. Code §1988 provides that attorneys' fees are recoverable in an action at the discretion of the court.  Plaintiff has retained counsel for the prosecution of this action.

5

COMPLAINT FOR DAMAGES

39. The conduct of Defendants subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights. As a consequence of the aforesaid oppressive, malicious, and despicable conduct, Plaintiff is entitled to an award of punitive damages in a sum to be shown according to proof.

### THIRD CAUSE OF ACTION

**(Failure to Hire in Violation of Public Policy Against All Defendants)**

40. The allegations of paragraphs 1 through 39 are re-alleged and incorporated herein by reference.

41. At all times relevant to this matter, Defendants employed at least fifteen persons and are therefore covered employers under the EEOC.

42. 42 U.S. Code §2000e–2 states that "it shall be an unlawful employment practice for an employer to fail or refuse to hire … any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."

43. Accordingly, in furtherance of public policy concerns, 42 U.S. Code §2000e–2 makes it unlawful to refuse to hire a person because of certain statutorily specified characteristics.

44. California public policy also protects a worker's rights to join or not join, or to remain or not remain a member of a labor or employer organization.

45. Employees have the right to "self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection." 29 U.S. Code §157-158.

46. Defendants, therefore, violated public policy by: (1) rejecting Plaintiff's application on account of Plaintiff's protected characteristics, including her union membership; and (2) disparately applying company practices, procedures, and policies to justify failing to hire other union members and members of protected groups.

47. As a proximate result of the aforementioned violations, Plaintiff has suffered and continues to suffer substantial economic losses, in earnings and other benefits which she would have received.

COMPLAINT FOR DAMAGES

48.     Plaintiff has suffered and continues to suffer both physical and non-physical injuries, including severe emotional distress, humiliation, embarrassment, and mental anguish in an amount according to proof.

49.     Plaintiff also seeks the recovery of reasonable attorneys' fees and costs herein incurred. 42 U.S. Code §1988 provides that attorneys' fees are recoverable in an action at the discretion of the court.  Plaintiff has retained counsel for the prosecution of this action.

50.     The conduct of Defendants subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights. As a consequence of the aforesaid oppressive, malicious, and despicable conduct, Plaintiff is entitled to an award of punitive damages in a sum to be shown according to proof.

## FOURTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress Against All Defendants)

51.     The allegations of paragraphs 1 through 50 are re-alleged and incorporated herein by reference.

52.     Plaintiff is informed and believes that the actions of Defendants, and each of them, as stated above were intentional, extreme, outrageous, and were done with the intent to cause emotional distress or with reckless disregard of the probability of causing Plaintiff emotional distress.  Potter v. Firestone Tire & Rubber Co. (1993) 6 Cal.4th 965, 1001.  See also Christensen v. Superior Court (1991) 54 Cal.3d 868, 903.

53.     Despite knowledge of her protected characteristics, Defendants denied Plaintiff's application in favor of less qualified applicants and discriminated against her when making hiring decisions.

54.     As a proximate result of the aforementioned violations, Plaintiff has suffered and continues to suffer substantial economic losses, in earnings and other benefits which she would have received.

55.     As a direct and proximate result of Defendants' conduct, Plaintiff has been subjected to severe and permanent humiliation, mental pain and anguish, and will continue to live with emotional distress and anxiety.

COMPLAINT FOR DAMAGES

56.    The conduct of Defendants subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights. As a consequence of the aforesaid oppressive, malicious, and despicable conduct, Plaintiff is entitled to an award of punitive damages in a sum to be shown according to proof.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays as follows:

1.    For general damages in excess of the jurisdictional minimum of this Court, according to proof;

2.    For special damages according to proof;

3.    For exemplary damages;

4.    For interest on the amount of losses incurred in earnings, deferred compensation, and other employee benefits at the prevailing rate;

5.    For costs of suit, including reasonable attorneys; fees; and

6.    For such other and further relief as the Court may deem just and proper.

Dated: September 27, 2016                              BOWEN LAW FIRM


                                        By:    _____/s/_____
                                               WILLIAM L. BOWEN
                                               Attorney for Plaintiff,
                                               SHANNON COUSINS KAMARA


## REQUEST FOR JURY TRIAL

Plaintiff, SHANNON COUSINS KAMARA, hereby requests a trial by jury.

Dated: September 27, 2016                              BOWEN LAW FIRM


                                        By:    _____/s/_____
                                               WILLIAM L. BOWEN
                                               Attorney for Plaintiff,
                                               SHANNON COUSINS KAMARA

8

COMPLAINT FOR DAMAGES