UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON COUSINS KAMARA<br><br>Plaintiff,<br><br>v.<br><br>ADAMS & ASSOCIATES, INC.,<br><br>Defendant. | No. 2:16-cv-02300-TLN-KJN<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM** |

This matter is before the Court pursuant to Defendant Adams & Associates, Inc.'s ("Defendant") Motion to Dismiss. (ECF No. 7.) Plaintiff Shannon Cousins Kamara ("Plaintiff") opposes the motion. (ECF No. 12.) Defendant has filed a reply. (ECF No. 13.) For the reasons discussed below, the Court hereby GRANTS in part and DENIES in part Defendant's Motion to Dismiss (ECF No. 7).

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff alleges she was hired in 2010 as a Residential Advisor for Sacramento Job Corps Center ("SJCC"). (ECF No. 1 ¶ 9.) Plaintiff states she is an African-American woman and a member of her labor union, the California Federation of Teachers Union. (ECF No. 1 ¶¶ 11, 22.)

In 2014, Defendant became the managing corporation of SJCC. (ECF No. 1 ¶ 3.) Plaintiff alleges Defendant stated it would reorganize several job duties for positions, reduce the number of Residential Advisors, and create a Residential Coordinator role. (ECF No. 1 ¶ 12.)

1

Plaintiff alleges she applied "to continue in her position as Residential Advisor," believed she had excellent qualifications, but she received a rejection letter in March 2014 stating she "was no longer going to be employed by [SJCC]." (ECF No. 1 ¶¶ 13–14.) Plaintiff alleges she "observed employees who were of different racial backgrounds, but who had less experience or personnel issues, were allowed to continue in their positions." (ECF No. 1 ¶ 14.) Plaintiff alleges she observed that the "majority of Residential Advisors who were targeted by [Defendant] for separation from their employment were minorities" and believed Defendant refused to hire her "based on her protected status based on race." (ECF No. 1 ¶ 15.)

Plaintiff alleges she "pursued claims against Defendant [] related to her retaliation as a member of the union." (ECF No. 1 ¶ 16.) Plaintiff alleges the National Labor Relations Board ordered Defendant to reinstate her and she began working at SJCC again in early 2016. (ECF No. 1 ¶ 17.) Plaintiff alleges she "continues to deal with hostility and distrust in the workplace" and "is facing ongoing discrimination based on her protected status." (ECF No. 1 ¶¶ 18–19.)

Plaintiff alleges claims for violations of the Americans with Disabilities Act (42 U.S.C. § 12112) ("ADA"), Title VII of the Civil Rights Act of 1964, 78 Stat. 253, as amended, 42 U.S.C. § 2000e *et seq.*, ("Title VII"), and common law, including: (i) race and color discrimination in violation of Title VII § 2000e-2; (ii) retaliation; (iii) failure to hire in violation of public policy; and (iv) intentional infliction of emotional distress. (ECF No. 1 at 4–8.) Defendant moves to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 7 at 2 & 7.)

**II.    STANDARD OF LAW**

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 350 F.3d 729, 732 (9th Cir. 2001). Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." On a motion to dismiss, the factual allegations of the complaint are assumed to be true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the well-pleaded allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*,

373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2009)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (citing *Twombly*, 550 U.S. at 556).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Additionally, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

In deciding a motion to dismiss, the court may consider only the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v. Consumers Union of United States, Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998).

If a complaint fails to state a plausible claim, "[a] district court should grant leave to

3

amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995)); *see also Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile). Although a court should freely give leave to amend when justice so requires under Federal Rule of Civil Procedure 15(a)(2), "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint[.]" *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004).

### III. ANALYSIS

Defendant argues Plaintiff fails to allege facts sufficient to support any of her claims. (ECF No. 7 at 7.) The Court will discuss each of Plaintiff's claims in turn.

#### A. Race and Color Discrimination in Violation of 42 U.S.C. § 2000e–2

Plaintiff alleges Defendant discriminated against her by refusing to hire Plaintiff to continue as a Residential Advisor at SJCC due to her race. (ECF No. 1 ¶ 24.) Defendant moves to dismiss, arguing Plaintiff's pleadings offer only suspicions and conclusory allegations and do not include sufficient factual allegations. (ECF No. 7 at 9–10.) Plaintiff states generally the facts alleged "are sufficient to support all of the causes of action." (ECF No. 12 at 4.)

Title VII forbids an employer from discriminating based on an "individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a). A plaintiff in a disparate treatment case must show by either direct or circumstantial evidence that "the motive to discriminate was one of the employer's motives." *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2523 (2013); *McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1122 (9th Cir. 2004). A plaintiff may establish a case for disparate treatment by showing she: (1) was a member of a protected class; (2) was qualified for the position and performing the job satisfactorily; (3) experienced an adverse employment action; and (4) that "similarly situated individuals outside [the] protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination." *Hawn v. Exec. Jet Mgmt., Inc.*, 615 F.3d 1151, 1156 (9th

Cir. 2010) (quoting *Peterson v. Hewlett–Packard Co.,* 358 F.3d 599, 603 (9th Cir. 2004)).

Plaintiff alleges she is an African-American woman, and Defendant knew this and refused to rehire her as a Residential Advisor "due to her race." (ECF No. 1 ¶¶ 23, 24.) Plaintiff's allegation Defendant acted because of her membership in a protected class is a recitation of an element. *See Iqbal*, 556 U.S. at 678. In her general factual allegations, however, Plaintiff also alleges she "observed employees who were of different racial backgrounds, but who had less experience or personnel issues, were allowed to continue in their positions." (ECF No. 1 ¶ 14.)

Plaintiff adequately alleges she was a member of a protected class. Plaintiff alleges she was hired by Defendant's predecessor for the role of Residential Advisor and she was praised by her supervisors and had no write-ups, warnings, or disciplinary history, during the years she performed that role. The Court can infer she was qualified for the job of Residential Advisor and had performed the job satisfactorily. *Achal v. Gate Gourmet, Inc.*, 114 F. Supp. 3d 781, 797–98 (N.D. Cal. 2015). Plaintiff alleges Defendant terminated her employment, did not re-hire her in March 2014, and she was not reinstated until early 2016. Plaintiff sufficiently alleges an adverse employment action. *Ardalan v. McHugh*, 2014 WL 3846062, at *8 (N.D. Cal. Aug. 4, 2014).

Finally, Plaintiff alleges a personal observation that Defendant rejected her application and hired employees as Residential Advisors who were not members of Plaintiff's protected class, were less experienced than Plaintiff, and had personnel issues Plaintiff did not. (ECF No. 1 ¶ 14.) Plaintiff's allegations employees not in her protected class received more favorable treatment than Plaintiff, although those employees were less experienced and had personnel issues she did not, give rise to the suggestion of discriminatory motive in Defendant's hiring decision. *McGinest*, 360 F.3d at 1122 (finding the plaintiff, an African-American man, stated a case for failure to promote by showing he was a member of a protected class, was qualified for the position and applied for it, and that rather than filling the position by promoting any of the interviewees, the employer transferred a white manager into the position); *see also .Achal*, 114 F. Supp. 3d at 801–02 (describing the plaintiff's complaint as thin but including incidents that gave rise, for purposes of a motion to dismiss, to the plausible inference of discriminatory motive and were "sufficiently detailed to give notice to [the defendant] of the nature of [the plaintiff's claim]"

and "a fair opportunity to defend against it"); *cf. Ravel v. Hewlett-Packard Enter., Inc.*, 228 F. Supp. 3d 1086, 1099 (E.D. Cal. 2017) (finding the plaintiff did not allege facts rising to a plausible inference of age discrimination, such as being replaced by a younger employee, overhearing negative comments about age, or her age being discussed).

Here, Plaintiff makes non-conclusory, factual allegations that go beyond reciting the elements and that, taken as true, state grounds showing she is plausibly entitled to relief. Accordingly, the Court DENIES Defendant's motion to dismiss Plaintiff's claim for discrimination based on race and color.

B. Retaliation

Plaintiff alleges Defendant retaliated against her "by refusing to hire her on account of such protected activities as being an African-American woman." (ECF No. 1 at ¶ 33.) Defendant argues Plaintiff fails to allege facts showing she engaged in a protected activity or Defendant's decision not to rehire her was connected to protected activity. (ECF No. 7 at 10–11.) Plaintiff states the facts alleged "are sufficient to support all of the causes of action." (ECF No. 12 at 4.)

Title VII and the ADA forbid an employer from retaliating against an employee because she opposed any practice they make unlawful, or because she "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this [provision]." 42 U.S.C. § 2000e–3(a); 42 U.S.C. § 12203(a). To state a claim for retaliation under either, a plaintiff must show: "(1) involvement in a protected activity, (2) an adverse employment action and (3) a causal link between the two." *Coons v. Sec'y of U.S. Dep't of Treasury*, 383 F.3d 879, 887 (9th Cir. 2004) (quoting *Brown v. City of Tucson,* 336 F.3d 1181, 1187 (9th Cir. 2003)); *Raad v. Fairbanks N. Star Borough Sch. Dist.*, 323 F.3d 1185, 1196–97 (9th Cir. 2003), *opinion amended on denial of reh'g*, No. 00-35999, 2003 WL 21027351 (9th Cir. May 8, 2003).

Plaintiff's statement that she is an African-American woman does not allege that she engaged in any protected activity, such as opposing practices forbidden by Title VII or the ADA, making a charge, testifying, assisting, or participating in a related investigation, proceeding, or hearing. Plaintiff has not provided any citation to authority for her proposition that being a member of a protected class is a protected activity.

6

Because Plaintiff has not alleged facts sufficient to support the first element of her retaliation claim, the Court need not analyze the other elements. Accordingly, the Court GRANTS Defendant's motion to dismiss Plaintiff's claim for retaliation.

### C. Failure to Hire in Violation of Public Policy

Plaintiff alleges Defendant failed to hire her in violation of public policy because of "Plaintiff's protected characteristics, including her union membership." (ECF No. 1 ¶ 46.) Defendant argues Plaintiff fails to allege facts to state a claim for failure to hire related to her race or color, and her claim related to her union membership is preempted. (ECF No. 7 at 11–12.)

#### i. *Failure to Hire Due to Race and Color*

Title VII makes it an unlawful employment practice for an employer to refuse to hire an individual because of her "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a). To state a claim for failure to hire based on disparate treatment, a plaintiff must show (1) she belongs to a protected class; (2) she applied for and was qualified for the position she was denied; (3) she was rejected despite her qualifications; and (4) the employer filled the position with an employee not of the plaintiff's class, or continued to consider other applicants whose qualifications were comparable to the plaintiff's after rejecting the plaintiff. *Dominguez-Curry v. Nevada Transp. Dep't*, 424 F.3d 1027, 1037 (9th Cir. 2005).

Defendant argues Plaintiff's factual allegations in this claim, that Defendant rejected Plaintiff's application on account of her protected characteristics, (ECF No. 1 ¶ 46), are conclusory and insufficient. (ECF No. 7 at 11.) As discussed above, however, Plaintiff states a claim under Title VII for discrimination based Defendant's failure to hire her, as Plaintiff alleges Defendant filled the Residential Advisor positions with employees not of Plaintiff's protected class who had personnel issues and were less experienced than Plaintiff. Accordingly, the Court DENIES Defendant's motion to dismiss as to Plaintiff's claim for Defendant's failure to hire based on her race or color.

#### ii. *Failure to Hire Based on Union Membership*

Defendant argues Plaintiff's claim for retaliation based on her union membership or activity, if proven, would constitute a violation of either Section 7 or 8 of the NLRA, and be

subject to the jurisdiction of the National Labor Relations Board, rather than the federal courts. (ECF No. 7 at 11–12) (citing *San Diego Bldg. Trades Council v. Garmon,* 359 U.S. 236, 244–45 (1959)). Plaintiff brings her claim pursuant to Title VII, however, which forbids discrimination by employers based on race, color, religion, sex, or national origin, but does not on its face protect union membership. 42 U.S.C. § 2000e–2. Plaintiff has not cited authority for her proposition that union membership is a protected activity under Title VII. Without additional factual allegations or legal authority from Plaintiff showing that union membership is a protected activity under Title VII, the Court cannot assess whether preemption applies. Plaintiff does not meet the first element of a claim for failure to hire based on union membership, so the Court need not analyze the other three elements. Accordingly, the Court GRANTS Defendant's motion to dismiss Plaintiff's claim for failure to hire in based on union membership.

> D. Intentional Infliction of Emotional Distress

Plaintiff alleges Defendant knew of Plaintiff's protected characteristics, but refused to hire Plaintiff in favor of less qualified applicants "with the intent to cause emotional distress or with reckless disregard of the probability" of doing so. (ECF No. 1 ¶¶ 52–53.) Defendant argues Plaintiff's claim fails as a matter of law because Plaintiff's allegations with respect to intentional infliction of emotional distress relate to personnel management activities, which cannot constitute "extreme and outrageous conduct," a required element of this claim. (ECF No. 7 at 13.)

To state a claim for intentional infliction of emotional distress, a plaintiff must show, among other things, "extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress." *Hughes v. Pair*, 46 Cal. 4th 1035, 1050 (2009). Extreme and outrageous conduct must "exceed all bounds of that usually tolerated in a civilized community." *Id*. at 1050–51.

"A simple pleading of personnel management activity is insufficient to support a claim of intentional infliction of emotional distress, even if improper motivation is alleged." *Janken v. GM Hughes Electrs.,* 46 Cal. App. 4th 55, 80 (1996). "Managing personnel is not outrageous conduct beyond the bounds of human decency, but rather conduct essential to the welfare and prosperity of society." *Id.* Personnel management activity includes, "hiring and firing, job or

project assignments, office or work station assignment, promotion or demotion, performance evaluations, the provision of support, the assignment or non-assignment of supervisory functions, deciding who will and who will not attend meetings, deciding who will be laid off." *Id*. at 64–65.

Plaintiff alleges Defendant failed to hire her in favor of less qualified applicants despite Defendant's knowledge of Plaintiff's "protected characteristics." (ECF No. 1 ¶ 53.) Plaintiff has not alleged any facts that are outside Defendant's employment and supervisory duties. The action Plaintiff does allege — making a hiring decision — is an activity California courts have expressly found constitutes personnel management activity. *Janken,* 46 Cal. App. 4th at 64–65.

Accordingly, the Court GRANTS Defendant's motion to dismiss Plaintiff's claim for intentional infliction of emotional distress.

### IV. LEAVE TO AMEND

"A district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Plaintiff has not previously amended its complaint and the Court cannot say that the pleading could not possibly be cured by the allegation of other facts. Accordingly, the Court GRANTS Plaintiff leave to amend the complaint within 30 days of the date of this Order.

### V. CONCLUSION

Accordingly, for the reasons detailed above, IT IS HEREBY ORDERED that:

1. The Court DENIES Defendant's motion to dismiss Plaintiff's claim for discrimination based on race and color;
2. The Court GRANTS Defendant's motion to dismiss Plaintiff's claim for retaliation;
3. The Court DENIES Defendant's motion to dismiss as to Plaintiff's claim for Defendant's failure to hire based on her race or color;
4. The Court GRANTS Defendant's motion to dismiss Plaintiff's claim for failure to hire in based on union membership;
5. The Court GRANTS Defendant's motion to dismiss Plaintiff's claim for intentional infliction of emotional distress; and

6. Plaintiff is GRANTED leave to amend within thirty (30) days of this Order.

IT IS SO ORDERED.

Dated: September 29, 2017

Troy L. Nunley
United States District Judge