UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON COUSINS KAMARA<br><br>Plaintiff,<br><br>v.<br><br>ADAMS & ASSOCIATES, INC.,<br><br>Defendant. | No. 2:16-cv-02300-TLN-KJN<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S CLAIM FOR RETALIATION** |

This matter is before the Court pursuant to Defendant Adams & Associates, Inc.'s ("Defendant") Motion to Dismiss Plaintiff's Claim for Retaliation. (ECF No. 18.) Plaintiff Shannon Cousins Kamara ("Plaintiff") opposes the motion. (ECF No. 22.) Defendant has filed a reply. (ECF No. 25.) For the reasons discussed below, the Court hereby GRANTS Defendant's Motion to Dismiss Plaintiff's Claim for Retaliation, (ECF No. 18), without leave to amend.

///
///
///
///
///
///
///

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges she was hired in 2010 as a Residential Advisor for Sacramento Job Corps Center ("SJCC"). (ECF No. 17 ¶ 9.) Plaintiff states she is an African-American woman and a member of the California Federation of Teachers Union. (ECF No. 17 ¶¶ 11, 26.)

In 2014, Defendant became the managing corporation of SJCC. (ECF No. 17 ¶ 3.) Plaintiff alleges Defendant stated it would reorganize several job duties for positions, reduce the number of Residential Advisors, and create a Residential Coordinator role. (ECF No. 17 ¶ 12.)

Plaintiff alleges she applied "to continue in her position as Residential Advisor," believed she had excellent qualifications, but she received a rejection letter in March 2014 stating she "was no longer going to be employed by [SJCC]." (ECF No. 17 ¶¶ 13–14.) Plaintiff alleges she "observed employees who were of different racial backgrounds, but who had less experience or personnel issues, were allowed to continue in their positions." (ECF No. 17 ¶ 14.) Plaintiff alleges she observed that the "majority of Residential Advisors who were targeted by [Defendant] for separation from their employment were minorities" and believed Defendant refused to hire her "based on her protected status based on race." (ECF No. 17 ¶ 15.)

Plaintiff alleges she "pursued claims against Defendant [] related to her retaliation as a member of the union." (ECF No. 17 ¶ 16.) Plaintiff alleges the National Labor Relations Board ordered Defendant to reinstate her and she began working at SJCC again in early 2016. (ECF No. 17 ¶ 17.) Plaintiff alleges she "continues to deal with hostility and distrust in the workplace" and Defendant has "discriminated against her in the application of discipline and providing the opportunity for shifts, advancement, and other material aspects." (ECF No. 17 ¶ 21.) Plaintiff alleges she "believes she is facing ongoing discrimination, harassment, and retaliation…based on her protected status and association with other protected employees." (ECF No. 17 ¶¶ 22.)

Plaintiff asserts three claims for violations of the Americans with Disabilities Act (42 U.S.C. § 12112) ("ADA") and Title VII of the Civil Rights Act of 1964, 78 Stat. 253, as amended, 42 U.S.C. § 2000e *et seq.*, ("Title VII"): (i) race and color discrimination in violation of Title VII § 2000e-2; (ii) retaliation; (iii) failure to hire in violation of public policy. (ECF No. 17 at 4–8.) Defendant moves to dismiss Plaintiff's claim for retaliation. (ECF No. 18 at 2.)

## II. STANDARD OF LAW

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 350 F.3d 729, 732 (9th Cir. 2001). Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." On a motion to dismiss, the factual allegations of the complaint are assumed to be true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the well-pleaded allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2009)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (citing *Twombly*, 550 U.S. at 556).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Additionally, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). While the plausibility requirement is not akin to a probability

requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

In deciding a motion to dismiss, the court may consider only the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v. Consumers Union of United States, Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998).

If a complaint fails to state a plausible claim, "[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995)); *see also Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile). Although a court should freely give leave to amend when justice so requires under Federal Rule of Civil Procedure 15(a)(2), "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint[.]" *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004).

### III. ANALYSIS

Plaintiff asserts a claim for retaliation based on Defendant's decision not to hire her. (ECF No. 17 ¶ 38.) Title VII and the ADA forbid an employer from retaliating against an employee because she opposes an unlawful practice, "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this [provision]." 42 U.S.C. § 2000e–3(a); 42 U.S.C. § 12203(a). To state a claim for retaliation under either statute, a plaintiff must show: "(1) involvement in a protected activity, (2) an adverse employment action and (3) a causal link between the two." *Coons v. Sec'y of U.S. Dep't of Treasury*, 383 F.3d 879, 887 (9th Cir. 2004) (quoting *Brown v. City of Tucson,* 336 F.3d 1181, 1187 (9th Cir. 2003)); *Raad v. Fairbanks N. Star Borough Sch. Dist.*, 323 F.3d 1185, 1196–97 (9th Cir. 2003), *opinion amended on denial of reh'g*, No. 00-35999, 2003 WL 21027351 (9th Cir. May 8, 2003).

4

Plaintiff alleges she engaged in activity such as, "complaining internally and externally about the discrimination she and other employees experienced at Sacramento Job Corps because of her race and because of her association with other minority employees who were also bringing claims of discrimination, harassment, and retaliation." (ECF No. 17 ¶ 37.) Plaintiff alleges she "complained through her union representatives and directly to Adams' employees regarding her disparate treatment and the adverse employment actions she felt she faced. Plaintiff also complained through an administrative claim with the EEOC which issued a right to sue in March 2015." (ECF No. 17 ¶ 39.) Plaintiff has adequately alleged she engaged in protected activated. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 650 (4th Cir. 2002) ("It is undisputed that Thompson engaged in protected activity when he filed his internal discrimination complaints.).

Plaintiff alleges she engaged in this protected activity *after* Defendant allegedly retaliated against her by refusing to hire her and informed her of its decision in March 2014. (ECF No. ¶¶13–18) (filing her EEOC complaint, complaining internally after she was re-hired). Plaintiff cites no authority permitting a claim for retaliation where the plaintiff alleges the retaliation predated the protected activity. Plaintiff has not shown a causal link that the adverse employment action she alleges—refusal to hire—was the result of the protected activity.

Moreover, Plaintiff does not allege Defendant retaliated against her for these protected activities. Rather, Plaintiff alleges Defendant retaliated against her for a different reason, because of her protected status of "being an African American women." (ECF No. 17 ¶ 38) ("Defendant[] retaliated against Plaintiff by refusing to hire her on account of such protected activities as being an African American woman."). Plaintiff also alleges Defendant "discriminated and retaliated against Plaintiff and other similarly situated employees based on their status as racial minorities." (ECF No. 17 at ¶ 41.) Further, Plaintiff alleges "she has faced continued adverse employment actions since she resumed working at Sacramento Job Corps because of her protected status and affiliation with other protected employees." (ECF No. 17 at ¶ 40.)

Being a member of a protected class is not a "protected activity" for the purpose of a retaliation claim under Title VII or the ADA, which define protected activity as having "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding." 42

U.S.C. § 2000e–3(a); 42 U.S.C. § 12203(a).  Plaintiff's allegations she suffered adverse employment actions for "being an African American women," or based on her status as a racial minority, or because of her membership in a protected class, assert claims for discrimination.

Plaintiff has not alleged facts sufficient to support her retaliation claim.  Accordingly, the Court grants Defendant's motion to dismiss Plaintiff's claim for retaliation.

### IV. LEAVE TO AMEND

"A district court may deny a plaintiff leave to amend if it determines that allegations of other facts consistent with the challenged pleading could not possibility cure the deficiency, or if the plaintiff had several opportunities to amend its complaint and repeatedly failed to cure deficiencies." *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010) (internal citation omitted).  Although a court should freely give leave to amend when justice so requires, "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint[.]" *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

Plaintiff has had two opportunities to allege facts sufficient to support her claim and has not done so.  This Court provided detailed analysis in its order on Defendant's prior motion to dismiss about the deficiencies of the original complaint and granted leave to amend.  (ECF No. 16.)  Those deficiencies have not been cured and it would be futile to allow further opportunities to amend.  Accordingly, the Court will not grant leave to amend this claim.

### V. CONCLUSION

For the foregoing reasons, the Court hereby GRANTS Defendant's motion to dismiss Plaintiff's claim for retaliation, (ECF No. 17), without leave to amend.

IT IS SO ORDERED.

Dated: October 4, 2018

Troy L. Nunley
United States District Judge